UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Tammy Doyle**<br>**966 Brookdale Road East**<br>**Tacoma, Washington 98445**<br><br>**Plaintiff,**<br>v.<br><br>**GE Capital Retail Bank**<br>**950 Forrer Boulevard**<br>**Kettering, Ohio 45420**<br><br>**Defendant.** | CASE NO.: _____<br><br>JUDGE<br><br><u>COMPLAINT</u><br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Tammy Doyle, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant GE Capital Retail Bank (hereinafter "Defendant") as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

1. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

2. Plaintiff, Tammy Doyle (hereafter "Plaintiff"), is an adult individual whose residence is in Tacoma, Washington, and is a "person" as defined by 47 U.S.C. § 153(39).

3. The Defendant, GE Capital Retail Bank ("GE"), is an Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS**

4. Within the last year year, GE contacted Plaintiff by placing as many as five (5) calls a day to Plaintiff's cellular telephone.

5. At all times mentioned herein, GE placed calls to Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

6. Upon answering GE's calls, Plaintiff heard a pre-recorded message that stated, "Hello, this is GE Capital Retail Bank.  Please hold to be connected…"  Only after hearing this message was Plaintiff transferred to a live representative.

7. During a conversation in or about October 2013, Plaintiff requested GE cease placing ATDS calls to her cell phone.

8. Nonetheless, GE continued to hound Plaintiff with ATDS calls on her cell phone.

9. If at one point GE had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

10. The calls from GE were not placed for emergency purposes.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." Id.

14. Defendant's telephone systems have all the earmarks of a predictive dialer. Often times when Defendant called Plaintiff, she was met with a period of silence before Defendant's telephone system would connect her to live person.

3

15. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed Defendant on multiple occasions to stop all calls to her and cease calling her cellular telephone.

17. Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff to stop calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

Dated: February 19, 2014

Respectfully submitted,

By: /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, LLC
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Tammy Doyle

**JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

/s/ *Sergei Lemberg*
Sergei Lemberg, Esq.